RENDERED: AUGUST 2, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0713-WC

RONALD LIVERS                                            APPELLANT

v.                        PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-74005

WESTROCK; HONORABLE
AMANDA M. PERKINS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

ACREE, JUDGE: Appellant, Ronald Livers, appeals the Workers' Compensation Board's (Board) May 18, 2023 Order vacating an Administrative Law Judge's (ALJ) award of temporary total disability (TTD) benefits to Appellant. Finding no error, we affirm.

Appellant worked for Appellee, Westrock, as a truck driver for twelve years until Appellant suffered a lower back injury. On June 26, 2019, Appellant drove an overloaded truck, which broke in two – jolting Appellant upward into the air and then slammed him back as the truck frame hit the ground. It is undisputed he sustained injuries to his back and buttocks because of this accident. For some time, Appellant was unable to perform any work, but once able to perform light duty work, he worked as a scale clerk. He worked this light duty job until Westrock terminated his employment on March 5, 2021.

On June 28, 2021, Appellant had a dorsal column neurostimulator implanted in his back. He underwent this spinal surgery to improve the injury he suffered in the accident. Thereafter, Dr. Jonathan Hodes evaluated Appellant and determined he had reached maximum medical improvement (MMI) on November 2, 2021. Appellant then brought a claim before an ALJ requesting TTD benefits from March 6, 2021 (when his employment was terminated) to November 2, 2021 (when he reached MMI). The ALJ awarded these benefits to Appellant, but Westrock appealed this award to the Board.

Before the Board, Westrock argued Appellant did not meet the requirements for TTD benefits until after his surgery on June 28, 2021. Westrock asked the Board to vacate the TTD benefits award from March 6, 2021, until the day before his spinal surgery – June 27, 2021. Westrock did not challenge the

award of TTD benefits from June 28, 2021 to November 2, 2021, when Appellant reach MMI.

In its opinion, the Board agreed with Westrock and vacated the ALJ's awarded TTD benefits from March 6, 2021 to June 27, 2021. The Board also remanded this case to the ALJ for additional fact finding concerning the type of employment Appellant was capable of performing on March 6, 2021. This appeal follows.

Pursuant to KRS[1] 342.0011, "'Temporary total disability' means the condition of an employee who has not reached maximum medical improvement from an injury and has not reached a level of improvement that would permit a return to employment[.]" KRS 342.0011(11)(a). "[T]o put it positively, an employee is entitled to receive TTD benefits until such time as she reaches maximum medical improvement (MMI) or has improved to the point that she can return to employment." *Trane Com. Sys. v. Tipton*, 481 S.W.3d 800, 803 (Ky. 2016). The Kentucky Supreme Court went on to explain in *Trane*:

> Initially, we reiterate that "[t]he purpose for awarding income benefits such as TTD is to compensate workers for income that is lost due to an injury, thereby enabling them to provide the necessities of life for themselves and their dependents." *Double L Const., Inc.* [*v. Mitchell*, 182 S.W.3d 509, 514 (Ky. 2005)]. Next, we note that, once an injured employee reaches MMI that employee is no longer entitled to TTD benefits. Therefore, the following only

---

[1] Kentucky Revised Statutes.

applies to those employees who have not reached MMI but who have reached a level of improvement sufficient to permit a return to employment.

As we have previously held, "[i]t would not be reasonable to terminate the benefits of an employee when he is released to perform minimal work but not the type [of work] that is customary or that he was performing at the time of his injury." *Central Kentucky Steel v. Wise*, 19 S.W.3d at 659. However, it is also not reasonable, and it does not further the purpose for paying income benefits, to pay TTD benefits to an injured employee who has returned to employment simply because the work differs from what she performed at the time of injury. Therefore, absent extraordinary circumstances, an award of TTD benefits is inappropriate if an injured employee has been released to return to customary employment, *i.e.* work within her physical restrictions and for which she has the experience, training, and education; and the employee has actually returned to employment. We do not attempt to foresee what extraordinary circumstances might justify an award of TTD benefits to an employee who has returned to employment under those circumstances; however, in making any such award, an ALJ must take into consideration the purpose for paying income benefits and set forth specific evidence-based reasons why an award of TTD benefits in addition to the employee's wages would forward that purpose.

*Trane Com. Sys.*, 481 S.W.3d at 807 (alterations in original). Thus, whether Appellant is entitled to TTD benefits from March 6, 2021 to June 27, 2021 hinges on whether Appellant could return to his customary work.

The Board notes in its opinion that the ALJ determined, in her original order, that Appellant had returned to "work for which he had the experience, training, and education to perform." This mimics the above quoted language in

-4-

*Trane*. 481 S.W.3d at 807. However, the ALJ made this finding in relation to the period in which Appellant returned to work at Westrock as a scale clerk. The Board noted the ALJ failed to make this finding as to Appellant's condition on March 6, 2021, and believed the ALJ did not do a complete analysis concerning Appellant's rights to TTD benefits. The ALJ did not make an explicit finding that Appellant could return to his customary employment on March 6, 2021.

Despite this, the record does not reveal any changes in Appellant's circumstances to rebut the ALJ's finding that he could return to customary work when he began working as a scale clerk. Per the ALJ's findings, and the Board's interpretation of them, on March 5, 2021, Appellant worked in his customary employment and was not entitled to TTD benefits. On March 6, 2021, the only change in Appellant's circumstances was his employment status; Westrock fired him. The record reveals no change in Appellant's ability to perform his work as a scale clerk.

Westrock claims it fired Appellant from his scale clerk position because he brought COVID-19 into the workplace. Appellant alleges this was a pretextual reason for firing him and the actual reason was that he was not a good scale clerk, a circumstance he attributed to dyslexia. Either reason, if taken as true, has no bearing on whether Appellant was capable of performing his customary work after being terminated because neither related to his work-related injury.

-5-

Because of this, it is unclear why the ALJ needs to reiterate her finding that Appellant was still capable of returning to his customary work after being fired for reasons unrelated to his injury. To the contrary, there is no reason to conclude Appellant was incapable of performing his customary work; that is, he could perform the work of a scale clerk on March 6, 2021.

Thus, on March 6, 2021, Appellant could return to his customary work, per the ALJ's finding that he had already returned to "work for which he had the experience, training, and education to perform." As such, TTD benefits would be inappropriate as "[t]he purpose for awarding income benefits such as TTD is to compensate workers for income that is lost due to an injury, thereby enabling them to provide the necessities of life for themselves and their dependents." *Trane Com. Sys.*, 481 S.W.3d at 807 (quoting *Double L Const., Inc.*, 182 S.W.3d at 514). On March 6, 2021, Appellant was not unemployed due to his work-related injury. Instead, Appellant was unemployed because Westrock fired him for reasons unrelated to his work-related injury.

Of course, as the Board notes, this analysis completely changed once Appellant underwent spinal surgery on June 28, 2021. It is highly doubtful Appellant could have returned to any work after surgeons implanted the dorsal column neurostimulator in him and before again reaching MMI. Nevertheless,

Appellant cannot satisfy the requirements for obtaining TTD benefits prior to this surgery, from March 6, 2021 to June 27, 2021.

Accordingly, the Board did not err when it reversed the award of TTD benefits from this time period. Appellant is not entitled to TTD benefits from March 6, 2021 to June 27, 2021.

We affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

John Edward Ballerstedt, Jr.
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jo Alice Van Nagell
C. Daniel Scott
Lexington, Kentucky